IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BERNICE PACHECO,

    Plaintiff,

vs.                                                                                          Civ. No. 06-117 PK/RHS

SECURITY FINANCE CORP.
OF NEW MEXICO,

    Defendant.

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
REGARDING DEFENDANT'S MOTION TO COMPEL ARBITRATION**

THIS MATTER comes before the Court on Defendant's Motion to Compel Arbitration ("Motion"), filed April 4, 2006 **[Doc. 7]**. Defendant seeks an order compelling arbitration and dismissing or staying these proceedings.[1] Having considered the parties' submittals and being otherwise advised in the premises, the Court recommends that Defendant's Motion be denied.

**Factual Background**

On December 27, 2005, Plaintiff Bernice Pacheco filed a Verified Complaint and Jury Demand ("Complaint") against her former employer, Defendant Security Finance Corporation of New Mexico[2] ("Security Finance") in the Sixth Judicial District of New Mexico. On February 10, 2006, Defendant removed the instant action to this Court. (See Notice of Removal **[Doc. 1]**.) In her Complaint, Plaintiff alleged that Defendant violated her rights under Title VII of the Civil Rights Act of 1964 (as amended by the Civil Rights Act of 1991) and the Age Discrimination in

---

[1] Defendant alternately requests that this proceeding be dismissed or stayed. (See Defendant's Memorandum Brief in Support of Motion ("Memo") **[Doc. 8]** at 1, 2.)

[2] Defendant states that it is "now known as Security Finance of New Mexico, LLC." (Defendant's Answer to Complaint, filed Feb. 10, 2006 **[Doc. 2]**.)

Employment Act of 1967, and raised various state law causes of action.[3]

Defendant contends that Plaintiff agreed to arbitrate the claims that she asserts in her Complaint. In support of this argument, Defendant points to an "Employment Agreement" signed by Plaintiff and providing that "Employee AND THE COMPANY AGREE TO ARBITRATE ANY CLAIMS AND DISPUTES DESCRIBED IN [a subsection of this paragraph]." (Employment Agreement ¶14, Ex. A to Defendant's Motion (capitalization in original).) In response, Plaintiff argues that the arbitration provision of the Employment Agreement is unenforceable because: (1) Defendant's promise to arbitrate is illusory for various reasons,[4] and (2) Defendant did not follow the procedural requirements of the arbitration provision.

## Discussion

An employee may choose to contract away her right to litigate claims against her employer in favor of arbitration. See e.g., Circuit City Stores, Inc. v. Adams, 532 U.S. 105 (2001). Even statutory claims may be arbitrated. See Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 23 (1991). Indeed, the Federal Arbitration Act creates a general presumption in favor of arbitration. Id. 500 U.S. at 26; Shankle v. B-G Maintenance management of Color., Inc., 163 F.3d 1230 (10th Cir. 1999). However, the presumption in favor of arbitration "is properly applied in

---

[3]Plaintiff's state law claims include: unlawful employment practices under the New Mexico Human Rights Act, negligent and intentional infliction of emotional distress, breach of implied employment contract, breach of implied covenant of good faith and fair dealing, wrongful discharge, negligent supervision and retention, negligent training and common-law sexual harassment. (See Complaint, Ex. A to Notice of Removal **[Doc. 1]**.)

[4]Plaintiff alleges that the Employment Agreement "lacks consideration because the Employment Agreement states Plaintiff is an at-will employee; there is no mutual promise to arbitrate, other provisions . . . do not contain mutual promises, some of which are unconscionable; and conflicting provisions . . . negate any mutual promises." (Plaintiff's Opposition-Response to Defendant's Motion to Compel Arbitration, Filed April 4, 2006 ¶1 ("Response") **[Doc. 10]**.)

interpreting the *scope* of an arbitration agreement; this presumption disappears when the parties dispute the *existence* of a valid arbitration agreement." Dumais v. American Golf Corporation, 299 F.3d 1216, 1220 (10th Cir. 2002) (emphasis added) (citations omitted). State law controls the question of whether a valid agreement to arbitrate has been reached. First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938 (1995).

In New Mexico, "[a] legally enforceable contract requires evidence supporting the existence of 'an offer, an acceptance, consideration, and mutual assent." Piano v. Premier Distributing Co., 137 N.M. 57, 60, 107 P.3d 11, 14 (Ct. App. 2004), cert. denied, No. 29, 022 (Feb. 3, 2005) (citation and internal quotation marks omitted). "A contract is ambiguous if separate sections appear to conflict with one another or when the language is reasonably and fairly susceptible of more than one meaning." Heye v. American Golf Corporation, Inc., 134 N.M. 558, 562, 80 P.3d 495, 495 (Ct.App. 2003) (citations omitted). Under New Mexico law, ambiguities in contracts are construed against the drafter. Western Farm Bureau v. Carter, 127 N.M. 186, 979 P.2d 231, 232 (1999).[5]

*Whether Defendant's promise to arbitrate is illusory*

Plaintiff asserts that conflicting provisions in the Employment Agreement negate any mutual promise to arbitrate, specifically arguing that these conflicts call into question Defendant's promise to arbitrate. "[A]n agreement that is subject to unilateral modification or revocation is illusory and unenforceable." Salazar v. Citadel Communications, Corp., 135 N.M. 447, 90 P.3d 466 (2004); see also Dumais, 299 F.3d at 1219 (joining other circuits in holding that an arbitration

---

[5] Courts should construe any ambiguities against the drafter "as dictated by the confines of the specific litigation" at issue. Dumais, 299 F.3d at 1219.

3

agreement is illusory if it allows one party "the unfettered right to alter the arbitration agreement's existence or its scope") (citations omitted).  Although Plaintiff does not argue this point skillfully,[6] the Court finds that certain provisions of the Employment Agreement do conflict and create ambiguity regarding whether Defendant promised to be bound by the arbitration agreement as set forth in the Employment Agreement.

Paragraph 14 (arbitration provision) of the Employment Agreement addresses various topics concerning arbitration.  This paragraph provides, in part:

> This is the complete agreement of the parties on the subject of arbitration of claims and disputes.  This Agreement . . . *can only be revoked or modified by a writing signed by the parties* which specifically states an intent to revoke or modify this Agreement.

(Employment Agreement ¶14D(3) (emphasis added), Ex. A to Defendant's Memo.)  However, paragraph 21 (conflicts provision) of the Employment Agreement provides, in its entirety:

> Conflicts.  In the event of *any conflict* with the Company's *Personnel Manual*, this Agreement shall be construed in a manner consistent and in harmony with all *personnel policies* generally applicable to the employees of the Company.[7]

(Agreement ¶21, Ex. A to Defendant's Memo (italics added).)  Here, it is fair to assume that the

---

[6]For example, Plaintiff asserts that paragraph 20 (merger and modification provision) conflicts with paragraph 14 because the language of paragraph 20 permits Defendant "to amend, in any way, any part of the Employment Agreement at any time so long as such revisions are in writing and signed by a duly authorized officer or agent . . . ."  (Plaintiff's Memorandum Brief in Support of Plaintiff's Response at 7 ("Response Brief") **[Doc. 11]**.)  The Court agrees with Defendant that Plaintiff's argument on this point simply "makes no sense."  (Defendant's Reply Brief in Support of Motion to Compel Arbitration at 5 ("Reply") **[Doc. 12]**.)

[7]This provision makes no exceptions for any terms, provisions or subjects covered in the Agreement, including the arbitration provision.

Employment Agreement was drafted by Defendant with no input from Plaintiff.[8]  <u>See</u> <u>e.g.</u>, <u>Heye</u>, 80 P.3d at 500 (assuming that a preprinted form contract was drafted by employer).  The language of paragraph 14 (arbitration provision), seemingly absolute in its agreement to arbitrate according to terms that neither party may unilaterally modify, conflicts with paragraph 21 (conflicts provision), which seemingly requires the modification of any terms that are inconsistent with the Company's Personnel Manual.[9]  At a minimum, this conflict creates an ambiguity regarding Defendant's agreement to be bound by the arbitration provision as set forth in the Employment Agreement.  Construing this ambiguity against Defendant, the Court finds that Defendant's promise to arbitrate is illusory and unenforceable.

Because the Court finds the arbitration provision unenforceable based on Defendant's illusory promise to arbitrate, it need not consider Plaintiff's remaining arguments.[10]  Moreover,

---

[8]Defendant acknowledges a concern when an arbitration agreement is contained within a personnel policy manual, pointing out that in this case, "the agreement to arbitrate is [in] a wholly separate document" from the Personnel Manual.  (<u>See</u> Defendant's Reply at 4 **[Doc. 12]** (citing <u>Heye</u>, 134 N.M. at 563, 81 P.3d at 500).)  However, while the Employment Agreement may be a separate document, the language of paragraph 21 specifically refers to and incorporates the Company's Personnel Manual in requiring that any conflict between the two be resolved in favor of the Personnel Manual.

[9]It is reasonable to assume that Defendant, like most employers, reserves the right to unilaterally modify its Personnel Manual; nothing suggests otherwise.  Defendant does not dispute Plaintiff's allegation that "employees do not have any input as to how provisions of the Employment Agreement and the personnel policies should be construed." (Plaintiff's Response Brief **[Doc. 11]** (referencing Employment Agreement ¶21).)  Thus, the language of paragraph 21 (conflicts provision), in effect, permits Defendant to unilaterally modify the terms of the arbitration provision by modifying the terms of the Personnel Manual.

[10]However, while the Court does not reach a conclusion on Plaintiff's argument regarding unconscionable terms, it notes that the terms of the Employment Agreement, as a whole, decidedly favor the interests of the employer over those of the employee.  For example, pursuant to the arbitration provision, the claims that an employee would most likely file are subject to arbitration, while those that an employer would most likely file are exempt from arbitration.

the Court need not consider whether Plaintiff's at-will employment provides consideration to make the agreement otherwise enforceable. See e.g., Heye, 80 P.3d at 500 (finding that an employer's illusory promise to arbitrate does not provide consideration and determining "that there is no other consideration that can support the arbitration agreement").[11]

### Recommendation

For all the foregoing reasons, the Court finds that the arbitration agreement at issue is unenforceable and recommends that Defendant's Motion to Compel Arbitration **[Doc. 7]** be denied. Timely objections may be made pursuant to 28 U.S.C. § 636(b)(1)(C).

*Robert Hayes Scott*
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE

---

Because an employee is required to arbitrate nearly all of her potential claims, the Court is particularly troubled by the provision that would "result in such claims and disputes being *waived* and *forever barred*" as a penalty for an employee's failure to request arbitration within 90 days. (Employment Agreement ¶14C(1) (emphasis added), Ex. A to Defendant's Memo.) At the very least, such a provision is incredibly harsh.

[11]The Heye court also found it "unnecessary to resolve this issue [of whether plaintiff's employment and continued employment otherwise provided consideration] because . . . [defendant's] part of the arbitration promise is illusory." Id. 80 P.3d at 500.